IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:22-CV-38-BO

LARISSA YORK,
     Plaintiff,

v.

MATTHEW LUTZ, SUSAN MIZELLE,
and CURRITUCK COUNTY BOARD OF
EDUCATION,
     Defendants.

O R D E R

This cause comes before the Court on a motion to dismiss by defendant Currituck County Board of Education pursuant to Rules 12(b)(1) and 12(b)(2) of the Federal Rules of Civil Procedure. Plaintiff has responded, defendant has replied, and the matter is ripe for ruling. For the reasons that follow, the motion to dismiss is granted.

BACKGROUND

The Court dispenses with a full recitation of the factual and procedural background of this matter, and incorporates by reference as if fully set forth herein the background included in its April 17, 2023, order granting in part and denying in part defendants' motion to dismiss. In its order, the Court permitted plaintiff an opportunity to allege waiver of governmental immunity by the Currituck County Board of Education ("Board") and did not reach the Board's argument that the state law tort claims asserted against the Board were barred by governmental immunity. Plaintiff filed her second amended complaint and has alleged that the Board expressly waived any governmental immunity it might possess through the purchase of liability insurance pursuant to N.C. Gen. Stat. § 115C-42.

The Board now moves to dismiss plaintiff's state law tort claims against it on the basis of governmental immunity.

## DISCUSSION

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. "Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt." *Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009) (citation omitted). When subject-matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647–50 (4th Cir. 1999). When a facial challenge to subject-matter jurisdiction is raised, the facts alleged by the plaintiff in the complaint are taken as true, "and the motion must be denied if the complaint alleges sufficient facts to invoke subject-matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). The Court can consider evidence outside the pleadings without converting the motion into one for summary judgment. *See, e.g., Evans*, 166 F.3d at 647.

"[A] county board of education is a governmental agency, and is therefore not liable in a tort or negligence action except to the extent that it has waived its governmental immunity pursuant to statutory authority." *Magana v. Charlotte-Mecklenburg Bd. of Educ.*, 183 N.C. App. 146, 148 (2007). The statutory authority states that a county board of education can waive its governmental immunity through the purchase of liability insurance if it does so expressly. N.C. Gen. Stat. § 115C-42.

Defendant Currituck County Board of Education has demonstrated that it has not purchased liability insurance or risk protection other than having entered into a coverage agreement with the North Carolina School Boards Trust ("NCSBT"), which provided litigation coverage during the relevant time period. [DE 28-1]. But that NCSBT coverage agreement does not waive the Board's

2

governmental immunity because it does not qualify as a purchase of "insurance" under § 115C-42. *See, e.g., Craig ex rel. Craig v. New Hanover Bd. of Educ.*, 185 N.C. App. 651, 654 (2007); *see also J.W. v. Johnston Cnty. Bd. of Educ.*, No. 5:11-CV-707-D, 2012 WL 4425439, at *10 (E.D.N.C. Sept. 24, 2012).

Plaintiff's arguments to the contrary are without merit. First, plaintiff has filed a second amended complaint, and thus this motion is not a second motion to dismiss under Fed. R. Civ. P. 12(g). *See also Young v. City of Mt. Ranier*, 238 F.3d 567, 573 (4th Cir. 2001). Second, the Board did raise its immunity from suit in its first motion to dismiss, and thus its immunity defense was not waived. Rather than filing a motion for leave to file a second amended complaint, to which defendants could have responded and raised a futility argument, plaintiff requested in her opposition to the motion to dismiss to be permitted an opportunity to allege waiver of governmental immunity. The Court granted that request, in light of the mandate that leave to amend be freely given, and does not construe the Board's failure to raise a futility challenge in its reply to its motion to dismiss as grounds for waiving the specific defense raised herein. Third, plaintiff has not demonstrated that she is entitled to any discovery on this issue. "Plaintiff's bare assertion of waiver of governmental immunity fails in the face of defendant [Board's] showing that no waiver of governmental immunity has occurred." *Cox v. Lamm*, No. 4:20-CV-52-FL, 2020 WL 5097832, at *5 (E.D.N.C. Aug. 28, 2020).

## CONCLUSION

Accordingly, the motion to dismiss [DE 27] is GRANTED. Plaintiff's state law claims against defendant Currituck County Board of Education are DISMISSED as barred by governmental immunity.

3

SO ORDERED, this 29 day of November 2023.

/s/ Terrence Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE