UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
No. 2:22-cv-00038-BO

LARISSA YORK,

        Plaintiff,

vs.

MATTHEW LUTZ, SUSAN MIZELLE,
and CURRITUCK COUNTY SCHOOLS,

        Defendants.

**CONSENT PROTECTIVE ORDER**

This Protective Order shall govern the use and disclosure of information, documents, testimony, or other tangible things produced in this action by the Plaintiff and Defendants (collectively, the "Parties").

The Plaintiff has served discovery requests and subpoenas seeking confidential information protected by state and federal law, such as personnel files and medical information within personnel files. Good cause exists for the issuance of this Protective Order to permit disclosure of specific confidential information while strictly limiting the use such information. Nothing in this Order should be construed as a waiver of objections other than confidentiality to any discovery, including the foregoing, and any Party may present such objections to another Party or to the Court pursuant to applicable rules.

IT IS THEREFORE ORDERED:

1. This Order shall be deemed to constitute a "proper court order" within the meaning of the provisions of N.C. Gen. Stat. § 115C-321, so as to allow the disclosure of personnel file information by a local board of education in response to a

subpoena issued in this action.

2. This Order shall govern the use and disposition of all information, documents, electronic files, and other materials disclosed in this case which is designated as confidential ("Confidential Information") in accordance with this Order, whether produced by one of the Parties to this case or by a non-party to the case (a "Non-Party").

3. As used herein, "Confidential Information" means:

a. All information and documents made confidential by Article 21A of Chapter 115C of the N.C. General Statutes;

b. Any documents or information which are contained in a personnel file maintained by any Party, Non-Party, or other public entity;

c. Any documents or information of an educational, medical, financial, or personal nature which are not generally accessible to the public; or

d. Any documents or information designated as "confidential" by the Parties or a Non-Party as provided below.

4. The Party or Non-Party producing the Confidential Information described in Paragraph 3 above (a "Disclosing Party") may designate any information, document, or electronic file that is produced in this case for protection under this Order by marking it at or before the time of production or exchange with the legend "CONFIDENTIAL" pursuant to this Order. All CONFIDENTIAL designations must be based on the good faith belief that the information labeled is not public and constitutes information subject to a legally protected right of privacy

2

or confidentiality. All discovery materials and pleadings (with the exception of deposition transcripts, which are governed by Paragraph 7 of this Order) must be designated as CONFIDENTIAL prior to service thereof by stamping the word "CONFIDENTIAL" on each page containing Confidential Information. All documents shall be maintained in confidence by the Party or Parties receiving Confidential Information (each a "Receiving Party") until expiration of the above-described time limits for designation.

5. Any information, document, or electronic file designated as CONFIDENTIAL may be delivered, exhibited, or disclosed only to the following persons: (a) the Receiving Party, including their counsel; (b) any person testifying at a deposition or court proceeding in this case or who, in counsel's good faith belief, may be called as a witness in this case; (c) court officials involved in this action and court reporters transcribing proceedings in this action; (d) experts retained in this action; (e) potential witnesses in this action who have executed and delivered to counsel, prior to receipt or review of any Confidential Information, the Protective Order Confidentiality Agreement in the form attached as Exhibit A. Counsel for the Parties shall be responsible for obtaining such executed written agreements from all persons to whom they disclose such information.

6. Any information, document, or electronic file produced by a Party with a designation of CONFIDENTIAL pursuant to the terms of this Protective Order shall not be used by the Receiving Party for any purpose other than the investigation, discovery, judicial proceedings, trial, and appeal of this case.

7. To the extent that any information, document, or electronic file designated as CONFIDENTIAL is used in the taking of a deposition, such information shall remain subject to this Order, along with pages of the deposition testimony referencing the material. Information (including testimony) disclosed at a deposition may be designated by counsel as CONFIDENTIAL by either:

    a. Indicating on the record at the deposition that the information is CONFIDENTIAL and is subject to the provisions of this Protective Order applicable to CONFIDENTIAL material, respectively; or

    b. Notifying other counsel in writing within thirty (30) days of the receipt of the transcript of those pages and lines or those exhibits that are CONFIDENTIAL. Upon being informed that certain portions of a deposition disclose Confidential Information, counsel for each Party must cause each copy of the transcript in its custody or control to be so marked as soon as reasonably possible. All CONFIDENTIAL designations must be based on the good faith belief of the designating counsel that the material constitutes Confidential Information as defined herein.

8. A Party may oppose the designation of any information, document, or electronic file as CONFIDENTIAL at any time before trial by notifying the Disclosing Party and giving that Disclosing Party ten (10) days to consider the request to de-designate the material. If the Parties are unable to agree on the protected status of a document, the Party opposing the designation may request an appropriate order from the Court.

9. The designation or receipt of any information, document, or electronic file as Confidential Information pursuant to this Order, shall not be construed as an admission by a Disclosing Party that such material is relevant or material to any issue in the case or is otherwise discoverable, or as an admission by a Receiving Party that such material is, in fact, Confidential Information.

10. Notwithstanding any other provision of this Order, the designation of any information, document, or electronic file as CONFIDENTIAL pursuant to this Order, shall not require a Receiving Party to keep that information confidential under the terms of this Order if the Receiving Party already has lawfully received the material from a source other than the Disclosing Party, without an obligation to keep it confidential. Provided however, that any such Receiving Party shall first provide notice in writing to the Disclosing Party of the circumstances under which such Receiving Party has received the same material from a source other than the Disclosing Party, without an obligation to keep it confidential.

11. Prior to filing any brief, memorandum, transcript of testimony, or other document with the Court that incorporates or refers to any information, documents, or electronic files designated Confidential Information, the filing Party shall take sufficient measures to ensure that the Confidential Information is not contained in the public Court file, including, where appropriate, seeking leave pursuant to EDNC Local Rule 79.2 to file Confidential Information, documents, or electronic files under seal.

12. The inadvertent or unintentional disclosure hereafter by the

5

Disclosing Party of Confidential Information either by way of document production or deposition testimony, regardless of whether the information was designated CONFIDENTIAL at the time of disclosure, shall not be deemed a waiver in whole or in part of a Party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Any inadvertently or unintentionally disclosed Confidential Information not designated as such pursuant to this Order at the time of its disclosure shall be designated CONFIDENTIAL, as applicable, as soon as reasonably possible after the Disclosing Party becomes aware of the erroneous disclosure and shall thereafter be treated as Confidential Information. No Party shall be responsible to any other Party or Non-Party for any use made of information produced and not designated as Confidential Information until such designation is made in writing.

13. Subject to the Federal Rules of Civil Procedure, Confidential Information may be offered in evidence at trial or any hearing in open court subject to any procedures required by the Court. The Disclosing Party may move the Court for an order that the evidence be received under conditions to prevent its disclosure to persons not entitled under this Order to review it. The Court shall then determine whether the proffered evidence should continue to be treated as Confidential and, if so, what protection, if any, should be afforded to such evidence at the trial or hearing. Nothing in this Order shall operate as an admission by any Party that any information is or is not admissible into evidence in this case.

6

14. With respect to subpoenas or other discovery requests seeking Confidential Information, any Party may invoke the terms of this Order in writing with respect to any Confidential Information to be provided to the requesting Party, provided that the Party invoking the terms of this Order has a confidentiality interest in the Confidential Information so requested, or has knowledge that a Non-Party has a confidentiality interest that should be protected, or which it is otherwise obligated to keep confidential. In the event that a Party seeks discovery from a Non-Party to this case, the Non-Party may designate material as confidential or invoke the terms of this Order in writing to all Parties to the case with respect to any Confidential Information to be provided to the requesting Party by the Non-Party.

15. The Parties, and any representatives, agents, independent contractors, or experts retained by the Parties, who learn of a violation of the terms of this Order have an obligation to report the violation to the Disclosing Party's counsel of record or, in the event that the Disclosing Party is not represented by counsel, directly to the Disclosing Party immediately upon learning of the violation of this Order. At the same time, any Party learning of a violation of this Order is obligated to take all reasonable steps to retrieve the Confidential Information inadvertently disclosed and otherwise to limit any damage caused by a disclosure of Confidential Information in violation of this Order.

16. Following entry of a final decision or judgment and the expiration of the time for appeal in the above-captioned case, and within twenty (20) days after receipt of a general demand from a Disclosing Party, each Receiving Party shall collect

all material that has been marked by a Disclosing Party as CONFIDENTIAL, including any copies or replicas that have been furnished to any other person, and return it to the Disclosing Party or certify its destruction, together with appropriate certification of compliance with the terms of this paragraph. Provided however, that the obligation to return any such material shall not apply to material furnished to the Court, or material which the Court has determined to be not properly deemed CONFIDENTIAL. Provided further, the Parties' attorneys shall be permitted to maintain a file copy in their case files which shall continue to be protected by this Order.

17. Any Party may apply to the Court for a modification of this Order for good cause shown, and nothing herein shall be deemed to prejudice or waive any Party's right to seek such a modification.

18. Each Party shall bear its own costs and expenses in complying with this Order. This provision does not prevent a Party from asserting a claim against any other Party for any costs or expenses associated with enforcing alleged breach or failure to abide by this Protective Order.

SO ORDERED, this the __ day of August, 2024.

*Terrence Boyle*
Terrence W. Boyle
United States District Judge

The Parties hereby consent to the foregoing Order.

                                                          **POYNER SPRUILL LLP**

By: /s/ Thomas B. York            By: /s/ Stephanie L. Gumm
     Thomas B. York                        Stephanie L. Gumm
     N.C. State Bar No. 18640           N.C. State Bar No. 53485
     1205 Argus Road                     sgumm@poynerspruill.com
     Kill Devil Hills, NC 27948          Laura E. Crumpler
     Tel: (252) 715-4608                  N.C. State Bar No. 8712
     tyork@yorklaw.us                  lcrumpler@poynerspruill.com
                                        P.O. Box 1801
     *Attorney for Plaintiff*             Raleigh, NC 27602-1801
                                        Tel: (919) 978-6400
                                        Fax: (919) 783-1075

                                        *Attorneys for Defendants*

EXHIBIT A – PROTECTIVE ORDER CONFIDENTIALITY AGREEMENT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
No. 2:22-cv-00038-BO

| | |
|---|---|
| LARISSA YORK,<br><br>              Plaintiff,<br><br>vs.<br><br>MATTHEW LUTZ, SUSAN MIZELLE,<br>and CURRITUCK COUNTY SCHOOLS,<br><br>              Defendants. | **PROTECTIVE ORDER<br>CONFIDENTIALITY<br>AGREEMENT** |

      This is to certify that I have read and am fully familiar with the provisions of the Consent Protective Order entered on August \_\_\_\_, 2024, in the above-captioned matter.

      As a condition precedent to my review or handling of any of the documents or other materials containing confidential information produced pursuant to the Protective Order or my obtaining confidential information contained in said documents or other materials, I hereby agree that the Consent Protective Order shall be deemed to be directed to and shall include me, and I shall observe and comply with all of the provisions of the Consent Protective Order and I submit to the jurisdiction of the United States District Court for the Eastern District of North Carolina for purposes of enforcement of the Consent Protective Order and this Confidentiality Agreement against me.

_____           _____
Signature                                                               Date

_____
Printed Name